IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff | |
| v. | CIVIL NO. 07-488 (ADC) |
| [5] RUBEN SANCHEZ-REYES, | |
| Defendant | |

**REPORT AND RECOMMENDATION**

**I.      Procedural Background**

On February 6, 2009, defendant [5] Rubén Sánchez-Reyes ("defendant" or "Sánchez-Reyes") pled guilty to counts one and seven of the indictment in this case. (Docket 1216-1220).[1] On March 10, 2009, defendant filed a pro se "motion" which appears to be a letter addressed to the Puerto Rico Bar Association alleging that his attorney, José L. Barreto Rampoya, "has fallen below the standard norms of the ethical standard" and "has caused irrepairable [sic] damages to the attorney client relationship." (Docket 1574). On March 13, 2009, the court placed the defendant on notice that he is not entitled to counsel of his own choosing and set the matter for a hearing to be held on March 23, 2009. (Docket 1584).

A hearing was held as scheduled during which the defendant, defense counsel Barreto Rampoya and AUSA Andrew Massucco were heard regarding defendant's allegations. During the

---

[1] The change of plea hearing, which was presided by Honorable Judge Gustavo A. Gelpí, was held together with three other co-defendants: Jonathan Pomales Burgos, Jorge Figueroa González, and Jonathan Vázquez Encarnación. Nevertheless, this was not a "package plea" and defendant understood that all the pleas were individual and not dependent upon the pleas of the other defendants. (Ex. A at 15-16). We further note that at some point during the Rule 11 colloquy, the court decided to proceed separately with co-defendant Jorge Figueroa González. Ex. A at 30.

hearing, defendant failed to present any arguments or evidence that would lead the undersigned to believe that defendant has received an ineffective assistance of counsel. To the contrary, counsel Barreto Rampoya stated that he had visited the defendant at least ten times to discuss matters related to this case. Counsel Barreto Rampoya also clarified that all the discovery was available at the Metropolitan Detention Center ("MDC") and that he discussed the information (and videos) obtained through discovery with his client. In addition, said counsel advised that he translated to the Spanish language all the terms and conditions of the plea agreement to his client. Moreover, defense counsel met with a supervisor at the U.S. Attorney's Office in an effort to obtain the best possible plea agreement for his client.

It became evident during the hearing, however, that defendant wanted to withdraw his guilty plea because allegedly it had not been voluntarily entered. In light of defendant's request, a transcript of the change of plea hearing held on February 6, 2009, was ordered to evaluate whether defendant's claims have any merit.

## II.   Legal Standard

"There is no absolute right to withdraw a guilty plea prior to sentencing." United States v. Marrero-Rivera, 124 F.3d 342, 347 (1st Cir. 1997) (citation omitted). A guilty plea may be withdrawn prior to sentencing only if there is "fair and just reason" to do so. United States v. Cotal-Crespo, 47 F.3d 1, 3 (1st Cir. 1995) (citation omitted); Fed. R. Cr. P. 11(d)(2)(B). The most important factor to consider in determining whether defendant has met his burden is "whether the plea was knowing, voluntary and intelligent within the meaning of Rule 11." Id. (citation omitted). "The other factors include: 1) the force and plausibility of the proffered reason; 2) the timing of the request; 3) whether the defendant has asserted his legal innocence; and 4) whether the parties had

reached a plea agreement." Id. at 4 (citation omitted); see also United States v. Hoyle, 237 F.3d 1, 7 (1st Cir. 2001) (citations omitted).

Mere "technical" violations of Rule 11 have been distinguished from those that reach the "core concerns" of said provision. Id. When the latter occurs, "the plea must be set aside." United States v. Medina-Silverio, 30 F.3d 1, 3 (1st Cir. 1994) (citation omitted). These core concerns have been summarized as: "1) absence of coercion; 2) understanding of the charges; and 3) knowledge of the consequences of the guilty plea." Id. (citing United States v. Allard, 926 F.2d 1237, 1244-45 (1st Cir. 1991). This court, in determining whether a core violation has occurred, reviews the totality of the circumstances as opposed to simply applying a "talismanic test". Id. (citations omitted).

### III.   Core Concerns

#### A.   Absence of Coercion

The record clearly shows that defendant pled guilty voluntarily:

COURT             :   Now, before we proceed with the particular substance of the plea agreements let me ask each of you, this is your opportunity to do so, if any of you understands that you are not voluntarily – you are not obligated to accept these plea agreements. If you do not accept these plea agreements you can either enter a straight plea or you can go to trial. So you have those options. So I just want to make sure. Is there anyone at this time who does not want to accept this plea agreement and pursue any other option? Mr. Sánchez?

DEFENDANT     :   I am in agreement.

(Ex. A. at 24).

At another instance, the court addressed the issue once again:

COURT             :   Has anybody threatened, force [sic], intimidates [sic] you or coerced you or any member of your family so

|  |  |  |
|---|---|---|
|  |  | that you are pleading guilty? |
| DEFENDANT | : | No. |

(Ex. A at 31).

Yet on a third occasion, defendant acknowledged that he was pleading guilty voluntarily:

| COURT | : | Okay.  So I take that it [sic] each of you is pleading guilty of his own free will and because ultimately each of you individually understand [sic] that you are, indeed, guilty as to what you stipulated in the plea agreement? |
|---|---|---|
| DEFENDANT | : | Correct. |

(Ex. A at 32).

Therefore, there is no hint of coercion at the time that the defendant entered his guilty plea as to counts one and seven of the indictment.

### B. **Understanding of the Charges**

During the change of plea hearing, defendant acknowledged having received a copy of the indictment in this case and having discussed the charges and the evidence with his attorney. (Ex. A at 16-18).  Furthermore, the court took the care to carefully summarize the counts to which the defendant was pleading guilty:

| COURT | : | Okay.  Now, in this particular case you are each going to plead guilty to counts one and seven of the indictment.  Count one charges that beginning in or about the year 2005 and continuing up until the return of the indictment in Trujillo Alto, Carolina and San Juan, Puerto Rico and elsewhere within the jurisdiction of this Court, each of you knowingly and intentionally conspired with others to commit offenses against the United States, specifically, in the case of Mr. Sánchez Reyes you conspired to possess with intent to distribute at least one kilo of heroin, 50 |
|---|---|---|

|  |  |  |
|---|---|---|
|  | | grams or more of crack cocaine, and five kilos or more of cocaine and detectable amounts of marijuana within 1,000 feet of Nuestra Señora Colón public housing project. And there is a head start school within that housing project in violation of 21 U.S.C. §§846, 841 and 860. That is count one.... Do you understand that, as charged? |
| DEFENDANT | : | Correct. |
| ... | | |
| COURT | : | Count seven charges that during those same dates and within the jurisdiction of the Court and in Trujillo Alto, Carolina and San Juan, you and others in this conspiracy, aiding and abetting each other, knowingly possessed firearms and ammunition in relation to a drug trafficking count. That is, specifically count one or count five of the indictment. You are not pleading guilty to count five. This is in violation of 18 U.S.C. §924(c)(1)(A) and (I). Do you understand count seven? |
| DEFENDANT | : | Yes. |

(Ex. A at 33-35).

Thus, there is no doubt that the defendant, at the time of the Rule 11 proceedings, was well aware of the charges to which he was pleading guilty.

### C. Knowledge of the Consequences of the Guilty Plea

The court, in presiding over the change of plea hearing, was also careful in ensuring the defendant's understanding of the consequences of his decision to enter a guilty plea. The court, for example, clearly warned the defendant that he would be waiving several constitutional rights if he entered a guilty plea and that he would be convicted without a trial upon acceptance of his guilty plea. (Ex. A at 45-46). Defendant also acknowledged to the court that he had reviewed, discussed, and understood all the terms of the plea agreement:

| | | |
|---|---|---|
| COURT | : | Now, I ask each of you, have you had the opportunity to review and discuss the terms of your respective plea agreements with your respective attorneys? |
| DEFENDANT | : | Correct. |

(Ex. A at 27).

| | | |
|---|---|---|
| COURT | : | Now, I take it that this plea agreement represents in its entirety the understanding each of you have reached with the government. Correct, Mr. Sánchez? |
| DEFENDANT | : | Correct. |

(Ex. A at 30).

| | | |
|---|---|---|
| COURT | : | Do each of you understand all the terms of the plea agreement. Mr. Sánchez? |
| DEFENDANT | : | Correct. |

(Ex. A at 31).

With regard to the maximum penalties, the court clearly warned the defendant that by pleading guilty to count one, he would be exposed to a range of imprisonment of not less than ten years up to a possible maximum of life in prison. (Ex. A at 35). As to count one, the court also clearly advised the defendant that he is subject as well to a fine not greater than eight million dollars and a term of supervised release of at least ten years. (Ex. A at 35). The court also informed the defendant about the special monetary assessment of one hundred dollars per count, what supervised release means, and the fact that he is not eligible for parole. (Ex. A at 35-36). The defendant was also alerted to the fact that the parties have not entered into any stipulation as to his criminal history and that the court is not bound by the sentencing guidelines, by the pre-sentence report or by the

recommendations of the parties. (Ex. A at 39, 41-42, 44).[2]

With respect to count seven, defendant was advised that the same entails a sixty-month consecutive sentence. (Ex. A at 37-38). No other warnings regarding this count were given during Rule 11 colloquy. "The statutory maximum sentence under 18 U.S.C. §924(c) is life imprisonment." United States v. Todd, 521 F.3d 891, 895 (8th Cir. 895); see also United States v. Bowen, 527 F.3d 1065, 1074 n.7 (10th Cir. 2008). The Court of Appeals for the Second Circuit has elaborated on this issue:

> Although 18 U.S.C. § 924(c)(1)(A) does not specify a maximum sentence, we have previously stated in dicta that the maximum sentence under that statute is life imprisonment. See United States v. Estrada, 428 F.3d 387, 389 (2d Cir.2005), cert. denied, 546 U.S. 1223, 126 S.Ct. 1451, 164 L.Ed.2d 148 (2006) ("Like § 841(b)(1)(A), [§ 924(c)(1)(A) ] provides increasing mandatory minimum sentences, depending on a defendant's specific firearm use, while the maximum of life imprisonment remains constant."); United States v. Gonzalez, 420 F.3d 111, 125-26 (2d Cir.2005) ("[§ 924(c)(1)(A) ] provides three increasing mandatory minimum sentences depending on a defendant's specific firearm use, while an implicit statutory maximum of life imprisonment remains constant throughout."). The availability of such a maximum is strongly implied by the Supreme Court's majority opinion in Harris v. United States, 536 U.S. 545, 554, 122 S.Ct. 2406, 153 L.Ed.2d 524 (2002), and the dissent in Harris explicitly refers to "the statutory maximum of life imprisonment for any violation of § 924(c)(1)(A)." Id. at 574, 122 S.Ct. 2406 (Thomas, J., dissenting). Finally, among the Courts of Appeals, there appears to be broad agreement that § 924(c) authorizes a maximum sentence of life imprisonment. See, e.g., United States v. Gamboa, 439 F.3d 796, 811 (8th Cir.2006), cert. denied, 549 U.S. 1042, 127 S.Ct. 605, 166 L.Ed.2d 449 (2006) ("We agree with other circuits that have concluded that § 924(c)(1) is best construed as a single crime with a choice of penalty options all within the overarching statutory maximum life sentence."); United States v. Dare, 425 F.3d 634, 642 (9th Cir.2005), cert. denied, 548 U.S. 915, 126 S.Ct. 2959, 165 L.Ed.2d 970 (2006) (explaining that the "maximum statutory sentence" for violation of § 924(c)(1)(A), "under Harris and the now advisory guidelines, is life imprisonment"); United States v. Cristobal, 293 F.3d 134, 147 (4th Cir.2002), cert. denied, 537 U.S. 963, 123 S.Ct. 396, 154 L.Ed.2d 319 (2002) (noting

---

[2]The government, however, committed itself during the change of plea hearing to recommend in the case of defendant Rubén Sánchez Reyes a sentence of 183 months regardless of the calculation made in the pre-sentence report. (Ex. A at 43).

7

>that "for the base offenses in § 924(c)(1), ... the maximum penalty is life"); <u>United States v. Avery</u>, 295 F.3d 1158, 1170 (10th Cir.2002), <u>cert. denied</u>, 537 U.S. 1024, 123 S.Ct. 546, 154 L.Ed.2d 436 (2002) (same); <u>United States v. Sandoval</u>, 241 F.3d 549, 551 (7th Cir.2001), <u>cert. denied</u>, 534 U.S. 1057, 122 S.Ct. 649, 151 L.Ed.2d 566 (2001) (same); <u>United States v. Pounds</u>, 230 F.3d 1317, 1319 (11th Cir.2000), <u>cert. denied</u>, 532 U.S. 984, 121 S.Ct. 1631, 149 L.Ed.2d 492 (2001) (same). We see no reason to depart from this view and accordingly now hold that the maximum available sentence under § 924(c)(1)(A) is life imprisonment.

<u>U.S. v. Johnson</u>, 507 F.3d 793, 798 (2d Cir. 2007).

Because the defendant was warned of the consecutive nature of the imprisonment term in count seven and that said term would be sixty (60) months, it is respectfully recommended that if at the time of the sentencing hearing the court is willing to consider a consecutive sentence greater than sixty (60) months as to count seven, then the defendant should be allowed to withdraw his guilty plea. On the other hand, if the at the time of the sentencing hearing as to count seven the court will, in the exercise of its sound discretion, exclude the possibility of sentencing the defendant beyond sixty (60) months of imprisonment, then it is recommended that the defendant not be allowed to withdraw his guilty plea in light of the warnings that he received during the Rule 11 colloquy.

## IV.   Miscellaneous Factors

Other aspects of the change of plea proceedings show that the defendant's entry of a guilty plea was voluntarily, knowingly, and intelligently made. As to competency, defendant did not reply in the affirmative when asked whether he had ever been treated for a mental or physical condition or when asked whether he was taking any medications. (Ex. A at 5 and 15). In addition, defendant acknowledged during the change of plea hearing that he was satisfied with the advice and legal representation that counsel Barreto Rampoya has given him. (Ex. A at 18). Defendant was properly advised of his constitutional rights to a trial by jury, to persist in his not guilty plea, to be presumed

innocent, to the assistance of counsel, to confront and cross-examine witnesses, to remain silent, and to the issuance of subpoenas. (Ex. A at 45-46). Defendant was also informed that the government bears the burden of proving his guilty beyond a reasonable doubt. (Ex. A at 45). Moreover, defendant fully agreed with the version of the facts stated by the government during the Rule 11 colloquy and that he committed the offenses in counts one and seven knowingly, willfully, intentionally, and voluntarily. (Ex. A at 50).

The timing of defendant's request also supports the conclusion that he should not be allowed to withdraw his guilty plea at this stage of the proceedings. Defendant's guilty plea was accepted by the court on February 6, 2009. (Ex. A). It is not until March 10, 2009, however, that he first voices by means of a pro se motion his disenchantment with his legal representation. (Docket 1574). Even assuming, *arguendo*, that by March 10, 2009, defendant already wanted to withdraw his guilty plea, more than a month elapsed between the change of plea hearing and the expression of defendant's regret.

> Because the timing of a defendant's attempted plea withdrawal is highly probative of motive, close scrutiny of the chronology is important in adjudicating whether retraction is fair and just. While an immediate change of heart may well lend considerable force to a plea withdrawal request, a long interval between the plea and the request often weakens any claim that the plea was entered in confusion or under false pretenses. Put in another way, excessive delay saps strength from any proffered reason for withdrawal.

United States v. Doyle, 981 F.2d 591, 595 (1st Cir. 1992) (citations omitted).

In the case presently before the court, a significant amount of time transpired between the defendant's entry of a guilty plea and the communication of his wish to withdraw the same. This sequence of events does not suggest a sudden change of heart or that the plea was entered in confusion.

9


WHEREFORE, for the reasons stated before, it is recommended that if the court, as to count seven, intends to sentence the defendant to a consecutive term of imprisonment of sixty months, the defendant not be allowed to withdraw his guilty plea as the same was entered in a knowing, voluntary, and intelligent manner. On the other hand if the court, in its sound discretion, wishes to keep open the possibility of sentencing the defendant to a consecutive term of imprisonment regarding count seven greater than sixty months, then it is respectfully recommended that the defendant be allowed to withdraw his guilty plea as he was not made aware during the change of plea hearing that the maximum statutory term of imprisonment for a 18 U.S.C. §924(c) charge is life imprisonment. As to defendant's request for substitution of counsel, it is recommended that the same be denied because there is no indication in the record to suggest that defendant has received inadequate legal assistance of counsel.

This report and recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B) and Rule 72(d) of the Local Rules of Court. Any objections to the same must be specific and must be filed with the Clerk of Court within ten (10) days of its receipt. Rule 72(d), Local Rules of Court; Fed. R. Civ. P. 72(b). Failure to timely file specific objections to the report and recommendation is a waiver of the right to review by the district court. United States v. Valencia-Copete, 792 F.2d 4 (1st Cir. 1986).

SO RECOMMENDED.

In San Juan, Puerto Rico, this 22nd day of June, 2009.

                                              s/ Marcos E. López
                                              United States Magistrate Judge