IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,
　　Plaintiff

　　v.                                                                                  Criminal No. 07-488 (ADC)

[5] RUBEN SANCHEZ-REYES
　　Defendant.

### ORDER ADOPTING REPORT AND RECOMMENDATION

On February 6, 2009, defendant Rubén Sánchez-Reyes [5] pled guilty to counts one and seven of the indictment. **Docket Nos. 1216, 1220**. Later, on March 10, 2009, defendant moved pro-se, asserting a claim of ineffective assistance of counsel. Docket No. 1574. Upon court inquiry, defendant's allegations were construed as a motion to withdraw the guilty plea entered on February 6, 2009. After conducting an evidentiary hearing, Magistrate Judge Marcos E. López issued a Report and Recommendation (R & R). Upon concluding that there was no basis in fact or law supporting an ineffective assistance of counsel claim, it was recommended that defendants' motion to withdraw his guilty plea be DENIED.

**II.     Legal Standard**

A district court may refer pending motions to a magistrate-judge for a report and recommendation. 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b); L. Civ. R. 72(a). Any party adversely affected by the recommendation issued may file written objections within ten (10) days of being served with the report and recommendation. 28 U.S.C. § 636(b)(1). A party that

files a timely objection is entitled to a *de novo* determination of "those portions of the report or specified proposed findings or recommendations to which specific objection is made." *Sylva v. Culebra Dive Shop*, 389 F. Supp. 2d 189, 191-92 (D.P.R. 2005) (citing *United States v. Raddatz*, 447 U.S. 667, 673 (1980)). Failure to comply with this rule may preclude further review by the district court and the court of appeals. *See Santiago v. Cannon U.S.A. Inc.*, 138 F.3d 1, 4 (1st Cir. 1998); *Davet v. Maccorone*, 973 F.2d 22, 30-31 (1st Cir. 1992). Similarly, a party objecting to a report and recommendation is "not entitled to a de novo review of an argument never raised" before the magistrate-judge. *Borden v. Sec. of Health and Human Svcs.*, 836 F.2d 4, 6 (1st Cir. 1987).

In conducting its review, the Court is free to "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate-judge." 28 U.S.C. § 636 (a)(b)(1); *see also Templeman v. Cris Craft Corp.*, 770 F.2d 245, 247 (1st Cir. 1985); *Alamo- Rodríguez v. Pfizer Pharmaceuticals, Inc.*, 286 F. Supp. 2d 144, 146 (D.P.R. 2003). Hence, the Court may accept those parts of the report and recommendation to which the plaintiff does not object. *See Hernández-Mejías v. General Elec.*, 428 F. Supp. 2d 4, 6 (D.P.R. 2005) (citing *Lacedra v. Donald W. Wyatt Detention Facility*, 334 F. Supp. 2d 114, 125-26 (D.R.I. 2004)).

**III.     Conclusion**

This court has examined the record, the transcript of the Rule 11 hearing, the detailed colloquy held and all reflects that defendant was well aware of his right to a public trial, the

nature of charges, applicable maximum penalties and statutory mandatory minimums, consequences of waiving his constitutional rights and of his guilty plea. The record shows that defendant's plea was knowingly, intelligently and voluntarily entered.

Having considered the unopposed Magistrate-Judge's Report and Recommendation, the same is **ADOPTED** in full.

**SO ORDERED.**

At San Juan, Puerto Rico, this 23rd day of July, 2009.

S/**AIDA M. DELGADO-COLON**
**United States District Judge**